UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50755
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

FERNANDO CANTU-RAMOS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
Civil Docket #DR-00-CR-36-1
_____
May 24, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

     The United States appeals from the district court's <u>sua</u> <u>sponte</u> grant of a substantial downward departure in sentencing appellee Fernando Cantu-Ramos.  Ramos pled guilty to possession of cocaine with intent to distribute after he was caught trying to drive a car laden with 20 pounds of cocaine and 86 pounds of marijuana across the Mexican border through Eagle Pass, Texas.  The

_____

     *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PSR indicated a sentencing range of 57 to 71 months. The district court departed downward to 30 months, citing appellee's "super acceptance of responsibility," the health problems of one of his children, his lack of a previous criminal record, and the "unique economic and political and human circumstances that we are dealing on the southwest border." We reverse and remand for resentencing.

While downward departures are reviewed for abuse of discretion, district courts may depart downward from the applicable guideline range only when they find a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guideline." U.S.S.G. § 5K2.1; 18 U.S.C. § 3553(b). The United States Supreme Court has acknowledged that, "when a court finds an atypical case, one to which a particular guideline linguistically applies but [in which] conduct significantly differs from the norm, the court may consider whether a departure is warranted." Koon v. United States, 518 U.S. 81, 98-100 (1996). A departure is appropriate only in the extraordinary case that falls outside the "heartland" of typical offenses covered by the conviction.

While the district court's desire to show mercy and compassion to this defendant are abstractly laudable, he abused his discretion in this case. All of the factors cited by the district court are either taken into consideration by the relevant guidelines or are excluded by the guidelines from sentencing relevancy. First, the guidelines provide for, and appellant

2

already received, a three-level downward adjustment for acceptance of responsibility. Second, the absence of a criminal history did not provide an extraordinary reason for departing from the guidelines range, nor is the appellee's failure to lead the government on a high-speed chase (also mentioned in passing by the court) relevant at all. Third, while the court did not expressly rely on appellee's mention of a child's dental problem, the motivation for committing the crime was, in this case, not sufficiently compelling to justify a 50% sentence reduction. (<u>See</u>, U.S.S.G. § 5H1.6 (family ties and responsibilities are not ordinarily relevant). Finally, the guidelines specifically state that economic and geographic concerns are not relevant to a sentence determination. <u>See</u> U.S.S.G. § 5H1.10.

As the district court predicted, this court must correct his sentencing error, and accordingly we reverse and remand for resentencing in accordance with the guidelines.

Sentence <u>REVERSED</u> and <u>REMANDED</u>.